Advanced Physical Medicine Rehabilitation PLLC v Utica Natl. Ins. Co. of Ohio (2023 NY Slip Op 01391)

Advanced Physical Medicine Rehabilitation PLLC v Utica Natl. Ins. Co. of Ohio

2023 NY Slip Op 01391

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, BANNISTER, MONTOUR, AND OGDEN, JJ.

107 CA 22-00184

[*1]ADVANCED PHYSICAL MEDICINE REHABILITATION PLLC, TOTAL REHAB, LLC, AND GASNAR CORPORATION, INC., PLAINTIFFS-APPELLANTS,
v
UTICA NATIONAL INSURANCE COMPANY OF OHIO, DEFENDANT-RESPONDENT. 

GUSTAVE J. DETRAGLIA, JR., UTICA, FOR PLAINTIFFS-APPELLANTS. 
RIVKIN RADLER, LLP, UNIONDALE (CHERYL F. KORMAN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Oneida County (David A. Murad, J.), entered January 28, 2022. The order denied the motion of plaintiffs for summary judgment and granted the cross motion of defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action arising from a dispute over insurance coverage, plaintiffs appeal from an order that, inter alia, granted the cross motion of defendant insurer for summary judgment dismissing the amended complaint. We affirm.
Plaintiffs commenced this action to recover sums unpaid by defendant after an incident caused damage to, inter alia, the basement of a building covered by a policy of insurance issued by defendant. The policy in question contains a "water exclusion endorsement" that excludes coverage for damage caused by, inter alia, "[w]ater under the ground surface pressing on, or flowing or seeping through . . . [f]oundations, walls, floors or paved surfaces; [or] . . . [b]asements, whether paved or not." Under the terms of the endorsement, the exclusion applies "regardless of whether [the loss] is caused by an act of nature or is otherwise caused." While the policy was in effect, the covered premises sustained damage when an underground water supply line, which supplied the building's sprinkler system, ruptured. The resulting water entered underground into the building's basement, causing the subject loss.
Contrary to plaintiffs' contention, Supreme Court properly determined that coverage for the loss is excluded under the policy (see Harleysville Ins. Co. of N.Y. v Potamianos Props., LLC, 108 AD3d 1110, 1111-1112 [4th Dept 2013]). Specifically, "because the loss arose when water from 'under the ground' pressed on and flowed through the building's foundation walls into the basement, coverage is precluded under the endorsement" (id.).
We reject plaintiffs' contention that this Court's decision in Smith v Safeco Ins. Co. of Am. (159 AD3d 1536, 1537-1538 [4th Dept 2018], lv denied 32 NY3d 913 [2019]) is controlling inasmuch as Smith related to "surface water," which is not at issue here (id. at 1538).
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court